UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL SCIENTIFIC CORP.,

                Plaintiff,              No. 10-cv-13582
                                             Hon. Gerald E. Rosen

vs.

SHEERVISION, INC.,
and THOMAS H. CAOUETTE, JR.,

                Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

### I. INTRODUCTION

On October 6, 2010, General Scientific Corp. ("Plaintiff") filed a six-count complaint against Defendants SheerVision, Inc. ("SheerVision") and Thomas H. Caouette, Jr. ("Caouette"). Plaintiff alleges six claims against SheerVision: violation of the Lanham Act, copyright infringement, violation of the Computer Fraud and Abuse Act, common law unfair competition, patent infringement, and breach of contract; and three claims against Caouette: violation of the Lanham Act, violation of the Computer Fraud and Abuse Act, and common law unfair competition.

SheerVision has moved to dismiss Counts I through V of Plaintiff's complaint--all claims except breach of contract--pursuant to Rule 12(b)(6), alleging that each claim fails to plead sufficient facts. In the alternative, SheerVision requests a more definite statement pursuant to

Rule 12(e).  Caouette joins SheerVision's motion to dismiss as to those counts alleged against him.

Plaintiff responded to Defendants' motion, and SheerVision has replied.  Having reviewed the parties' submissions in support of and opposition to the motion and the accompanying record, the Court finds that the pertinent facts and legal arguments are fully presented in these written materials and that oral argument would not aid the decisional process.  Accordingly, the Court will decide Defendants' motion "on the briefs."  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  This opinion and order sets forth the Court's rulings on this motion.

## II. BACKGROUND

General Scientific Corp. and SheerVision, Inc. both participate in the highly competitive market for surgical loupe products, which includes telemicroscopes, lights, video cameras, and related accessories used by surgeons, dentists, and dental technicians.  In 2007, believing that SheerVision had engaged in importation and sale of goods infringing on Plaintiff's patents, Plaintiff initiated an action before the International Trade Commission ("ITC").  The ITC action settled: Plaintiff covenanted not to sue, and SheerVision promised to cease importation and sale of the allegedly infringing goods.

Since early 2010, however, SheerVision has allegedly undertaken to poach members of Plaintiff's sales staff and use their knowledge of Plaintiff's business contacts and practices to compete against Plaintiff in the market for surgical loupe devices, some of which allegedly violate Plaintiff's patents.  According to Plaintiff, SheerVision has hired five of Plaintiff's past employees, including Caouette.  In particular, Plaintiff alleges that SheerVision and Caouette used a computer issued by Plaintiff and Caouette's access to Plaintiff's email servers to gather

sales contacts, customer lists, pricing information, and copyrighted marketing material for use in SheerVision's commercial pursuits.

Plaintiff filed suit against Defendants on October 6, 2010. Before the Court is a motion by Defendants to dismiss Counts I through V of Plaintiff's complaint or, in the alternative, for a more definite statement as to those same Counts.

### III. ANALYSIS

**A.   Applicable Legal Standard**

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**B.   Plaintiff has Adequately Pled Count I (Lanham Act).**

Defendants argue for the dismissal of Plaintiff's Lanham Act claim because, they argue, the claim is based on allegations identical to those underlying Plaintiff's copyright infringement claim and preempted as a result. (Def.'s Mot. to Dismiss 2-3.) Specifically, Plaintiff alleges a

violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which "creates a federal remedy for making 'a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same . . . .'" *Tiseo Architects, Inc. v. SSOE, Inc.*, 431 F. Supp. 2d 735, 742 (E.D. Mich. 2006) (quoting *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 166, 109 S. Ct. 971, 985 (1989)). To sustain a Lanham Act claim involving copyrightable work against a Rule 12(b)(6) motion, parties must plead carefully to avoid using the Lanham Act as a "back-door method for reviving failed copyright claims." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 225 (5th Cir. 1999). Relying on the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox*, 539 U.S. 23, 123 S. Ct. 2041 (2003), Defendants argue that "Count I should be dismissed with prejudice because the same acts that plaintiff alleges to be copyright infringement cannot be a violation of the Lanham Act § 43(a)." (Def.'s Mot. to Dismiss 3.)

Defendants misinterpret the scope of the *Dastar* ruling. Whereas Defendants claim that the *Dastar* opinion broadly rejected "[p]leading a Lanham Act cause of action based on misappropriation of a copyrightable work," (Def.'s Mot. to Dismiss 2), the opinion is in fact considerably more limited. The Lanham Act prohibits, *inter alia*, the "false designation of origin" with regard to "any goods or services . . . [used] in commerce . . . ." 15 U.S.C. § 1125(a)(1).[1] The *Dastar* opinion, which considered defendant Dastar's reprocessing and

---

[1] The full text of 15 U.S.C. § 1125(a)(1) is as follows:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

    (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

subsequent republication of an uncopyrighted historical video series, did not reject the original copyright holder's Lanham Act claim merely because the material at issue involved copyrightable work. Rather, the Supreme Court rejected the original copyright holder's Lanham Act claim because the claim contested Dastar's failure to credit the idea for the video series--the province of copyright law--instead of the videos themselves, to which the Lanham Act is directed. *Dastar*, 539 U.S. at 32, 123 S. Ct. at 2047 ("as used in the Lanham Act, the phrase 'origin of goods' is in our view incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain"). That is, the Supreme Court held that "origin of goods" under the Lanham Act regulates the source of physical wares or "the producer of the tangible product sold in the marketplace," rather than merely copyrightable ideas. *Id.* Because Dastar had reprocessed and republished the uncopyrighted video series instead of merely repackaging existing video cassettes, the Supreme Court found that "Dastar was the 'origin' of the products it sold as its own" and rejected the Lanham Act claim accordingly. *Dastar*, 539 U.S. at 32, 38 123 S. Ct. at 2047, 2050.

Here, Plaintiff's Lanham Act claim can coexist with its copyright claim for the concomitant reason: Plaintiff alleges that SheerVision misrepresented the origin of Plaintiff's goods, a photograph and a video, "thereby causing confusion, mistake or deception" as to their origin. (Pl.'s First Am. Compl. ¶ 22.) Rather than merely serving as a duplicate of its copyright claim, Plaintiff has alleged a misrepresentation by SheerVision regarding the origin and nature of media used in marketing, as opposed to a misrepresentation regarding mere ideas. Therefore,

---

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Plaintiff has pled a distinct violation of the Lanham Act, and Claim I survives Defendants' motion to dismiss.

**C.     Plaintiff has Adequately Pled Count II (Copyright Infringement).**

Defendant moves to dismiss Plaintiff 's copyright claim for failure to specify the registration of the copyright allegedly infringed.  (Def.'s Mot. to Dismiss 4.)  Copyright registration is a prerequisite to initiating a copyright infringement claim, and must appear on the face of a well-pleaded complaint.  17 U.S.C. § 411(a); *see also Marshall & Swift v. BS & A Software*, 871 F. Supp. 952, 958 (W.D. Mich. 1994) ("registration is a jurisdictional prerequisite to the initiation of an infringement action in federal court").  Registration is not, however, a prerequisite to copyright protection.  17 U.S.C. § 408(a).

Plaintiff essentially concedes the failure to adequately plead copyright registration in its complaint.  (Pl.'s Resp. to Mot. to Dismiss 6.)  Plaintiff has, however, included a proposed Second Amended Complaint with its response brief; and the proposed Second Amended Complaint specifies the copyright registration allegedly infringed by SheerVision.  Mindful that Fed. R. Civ. P. 15(a)(2) encourages the Court to freely grant parties leave to amend when justice requires and that Defendants have consented in writing to Plaintiff's Second Amended Complaint, (Def.'s Reply in Supp. of Mot. to Dismiss 2), the Court will deny this portion of Defendants' motion to dismiss, with the denial conditioned on Plaintiff formally filing its amended complaint.

**D.     Plaintiff has Not Adequately Pled Count III (Computer Fraud and Abuse Act).**

Defendants move to dismiss Count III of Plaintiff's complaint, an alleged violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, on the ground that Plaintiff failed to sufficiently plead the damages required by the CFAA: namely, "loss . . . aggregating at least

$5,000 in value." 18 USC § 1030(c)(4)(A)(i)(I).  Plaintiff's complaint proffers that "[Plaintiff] believes it will incur in excess of $5,000 in costs to address and remedy the harm caused by the unauthorized accessing of its computers by [Defendants], in addition to any damage to [Plaintiff's] business through use of the confidential information accessed from the email system."  (Pl.'s First Am. Compl. 19.)

The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred <u>because of interruption of service</u>."  18 U.S.C. § 1030(e)(11) (emphasis added).  Moreover, to be "plausible" under *Twombly*, Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Count III of Plaintiff's CFAA claim fails under both the statutory definition of "loss" and *Twombly*.

First, Plaintiff has failed to allege specific facts suggesting the plausibility of damages required under the CFAA.  Plaintiff merely "believes that it will incur" costs exceeding $5,000. (Pl.'s First Am. Compl. ¶ 19.)  A mere belief in purported future damages is insufficient to survive a Rule 12(b)(6) motion because a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65.  Plaintiff has not alleged specific facts suggesting that it incurred at least $5,000 in losses as a result of Defendants' alleged activity.

Second, to the extent Plaintiff has attempted to bolster its pleading through its Response to Defendants' Motion to Dismiss and the affidavit of Gregory S. Smith, Plaintiff demonstrates a misinterpretation of the "loss" standard under the CFAA, further undermining its claim.  The

crux of Plaintiff's response rests on the contention that Defendants' conduct has caused at least $5,000 in losses through usurped sales opportunities. (Pl.'s Resp. to Mot. to Dismiss 6-7.) Lost sales and profits *per se* are not the measure of loss under the CFAA, however. As the statutory language makes clear, "losses" under the CFAA are limited to costs incurred and profits lost as a direct result of interrupted computer service. 18 U.S.C. § 1030(e)(11) (listing applicable types of loss incurred "because of interruption of service"). The CFAA's damage requirement is not concerned with sales lost through the use of the information accessed. *See*, *e.g.*, *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 Fed. App'x. 559, 562-63 (2d Cir. 2006) ("the plain language of the statute treats lost revenue as a different concept from incurred costs, and permits recovery of the former only where connected to an 'interruption in service'"). The CFAA only covers lost revenue if the loss occurred as a result of interrupted service. *Id.*

Additionally, Plaintiff's proposed Second Amended Complaint fails to remedy the deficient pleading discussed above because the CFAA portion of the Second Amended Complaint does not contain any changes from that portion of the First Amended Complaint. (Pl.'s Resp. to Mot. to Dismiss, Ex. 1 at ¶¶ 19, 30-33.) Having failed to sufficiently plead their CFAA claim in either of two amended complaints, the Court finds that any further attempt to substantiate the CFAA claim would prove fruitless. Without specific facts pointing to losses incurred as a result of interrupted service, Plaintiff has failed to plead aggregate losses of at least $5,000, as required by the CFAA. Plaintiff's CFAA claim is, therefore, dismissed.

**E.     Plaintiff has Adequately Pled Count IV (Unfair Competition).**

Defendants seek the dismissal of Plaintiff's common law unfair competition claim by arguing that the claim is preempted by the Copyright Act, 17 U.S.C. § 301(a), which precludes all claims that are equivalent to the exclusive rights of copyright. (Def.'s Mot. to Dismiss 6-7.)

As a matter of law, unfair competition claims are not *per se* preempted whenever copyrighted material is at issue. While 17 U.S.C. § 301 indeed preempts some state law claims involving copyrightable material, the preemption does not affect all such claims. By comparison, 28 U.S.C. § 1338(b) specifically provides district courts with "original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright . . . laws." Total preemption of state law claims by § 301 would render § 1338(b) a nullity.

> Instead, the Sixth Circuit has explained the scope of preemption under § 301:
>
>> A state law claim will be preempted under Section 301 where two requirements are met. First, the work must come within the scope of the "subject matter of copyright" as set forth in Sections 102 and 103 of the Copyright Act. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). Second, the rights granted under state law must be equivalent to any of the exclusive rights within the scope of federal copyright protection. *Id.*

*Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004). The equivalency prong of the preemption test is dispositive here. To be preempted, the rights asserted under state law must be "equivalent to the exclusive rights under federal copyright law[.]" *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions*, 402 F.3d 700, 713 (6th Cir. 2005). In other words, the rights must be coextensive. Here, Plaintiff has alleged rights arising under state law that extend beyond those provided under copyright law. In particular, Plaintiff claims that Defendants' misconduct includes "[o]btaining and exploiting" confidential information, hiring Plaintiff's sales force to capitalize on inside knowledge, misrepresenting the origin of sales media, and accessing Plaintiff's email to obtain "commercially valuable information." (Pl.'s First Am. Compl. ¶ 34.) While rights arising under copyright law are included in Plaintiff's unfair competition claim, the claim itself is not limited to copyright; the rights asserted are not equivalent. Moreover, to the

9

extent Defendants claim that "there are no non-conclusionary facts alleged[,]" (Def.'s Mot. to Dismiss 7), paragraphs sixteen through twenty of Plaintiff's complaint plead ample facts to support a plausible unfair competition claim.  *See Iqbal*, 129 S. Ct. at 1949.

### F.     Plaintiff has Adequately Pled Count V (Patent Infringement)

Defendant moves to dismiss Count V of Plaintiff's complaint, an alleged infringement of U.S. Patent No. 6,904,146, for failure to include details of the alleged patent infringement within the specific paragraphs of text encompassing Count V of the complaint.[2]  (Def.'s Mot. to Dismiss 8.)  Defendant makes this claim despite acknowledging that Plaintiff's complaint "specifically accuses one product of infringing the '146 patent."  (*Id.*)

Defendant's argument is without merit.  Paragraph nine of Plaintiff's complaint specifically addresses the patent infringement alleged in Count V.  The text of paragraph nine is expressly incorporated within Count V by virtue of paragraph thirty-six; and the remaining paragraphs of Count V give additional substance to Plaintiff's patent infringement claim. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).  Since Plaintiff has pled sufficient facts to make a plausible patent infringement claim, *see Iqbal*, 129 S. Ct. at 1949, Plaintiff has met this standard.

---

[2] Defendants mention the Covenant Not to Sue contained in the ITC settlement between the parties, though Defendants do not tie the Covenant Not to Sue into their argument regarding dismissal of Count V.  To the extent Defendants argue that Count V should be dismissed under the Covenant Not to Sue, that line of reasoning is put at issue by Count VI (Breach of Contract) of Plaintiff's complaint.

**G.    Defendant's Motion for a More Definite Statement Fails as a Matter of Law.**

In the alternative to its motion to dismiss, Defendant SheerVision moves this Court for a more definite statement as to Counts I through V. (Def.'s Mot. to Dismiss 9.) Rule 12(e) of the Federal Rules of Civil Procedure allows a party to request supplemental pleading when an opposing party's initial filing "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).

Specifically, Defendant requests that Plaintiff describe with specificity the copyrights allegedly infringed in Counts I and II, the elements of Count II, the facts underlying Count IV, and the infringing products or methods in Count V. Plaintiff's arguments regarding Counts I, II, and V largely mirror those made in the motion for dismissal discussed above. The grounds for denying each of these requests are thus addressed above. Counts I, II, and V are sufficiently pled to allow Defendants to prepare responses. All that remains for the Court are Defendant's request for a more definite statement regarding the elements of Plaintiff's copyright claim and Defendant's request for more facts regarding Plaintiff's unfair competition claim. For the reasons that follow, these requests also fail.

According to the Supreme Court, two elements are required to assert a copyright claim: ownership of a valid copyright and copying of original parts of the protected work. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). Plaintiff's proposed Second Amended Complaint sufficiently pleads both elements. (*See* Pl.'s Proposed Sec. Amended Compl. ¶¶ 14, 16, 18, 20, 27-29.) As a result, Plaintiff's copyright

claim is not "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Likewise, Plaintiff has pled facts to support its unfair competition claim. As discussed earlier, Plaintiff's unfair competition claim includes Defendants "[o]btaining and exploiting" confidential information, hiring Plaintiff's sales force to capitalize on inside knowledge, misrepresenting the origin of sales media, and accessing Plaintiff's email to obtain "commercially valuable information." (Pl.'s First Am. Compl. 34.) Among others, paragraphs eleven through twenty of Plaintiff's complaint offer facts to substantiate the unfair competition claim, and Plaintiff incorporates these paragraphs into its unfair competition claim by virtue of paragraph twenty-nine. Therefore, Plaintiff has pled with sufficient specificity to permit Defendants to respond. *See* Fed. R. Civ. P. 12(e).

## IV. CONCLUSION

For the reasons stated in this opinion, the Court finds that Counts I, II, IV, and V are sufficiently pled to survive Defendants' motions under Rules 12(b)(6) and 12(e). Count III of Plaintiff's complaint, however, fails under Rule 12(b)(6).

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement [Dkt. #10] pursuant to Rule 12(b)(6) is GRANTED as to Count III and DENIED as to Counts I, II, IV, and V. Count III of Plaintiff's complaint is DISMISSED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement [Dkt. #10] pursuant to Rule 12(e) is DENIED as to all Counts.

IT IS FURTHER ORDERED that Plaintiff file its amended complaint within seven days of the issuance of this order.

s/Gerald E. Rosen<br>Chief Judge, United States District Court

Dated: September 2, 2011

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2011, by electronic and/or ordinary mail.

    s/Ruth A. Gunther
    Case Manager
    (313) 234-5137